IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM A. PARKER,

    Plaintiff,

    vs.           No. CIV. S-10-1543 JAM GGH PS

ANWYL, SCOFFIELD & STEPP, LLP, et al.,

    Defendants.     <u>ORDER</u>

_____/

    Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

    The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

7        A complaint must contain more than a "formulaic recitation of the elements of a
8  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
9  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
10 "The pleading must contain something more...than...a statement of facts that merely creates a
11 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
12 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
13 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
14 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
15 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
16 the court to draw the reasonable inference that the defendant is liable for the misconduct
17 alleged." Id.

18        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
19 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
20 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
21 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
22 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23        The complaint alleges that defendant attorney Anwyl and defendant judge
24 McMaster conspired against plaintiff in a previous state court litigation by discriminating against
25 him and depriving him of his civil rights under 42 U.S.C. §§ 1981, 1983 and 1985.  By example
26 he claims that these defendants failed to serve a summons on any defendant in the superior court

case. (Compl. at 1.)  The complaint also alleges that defendant McMaster wrongly dismissed plaintiff's claim in superior court with prejudice and without leave to amend, and in doing so failed to recognize the lack of service of summons.  Judge McMaster also allegedly refused to reconsider this decision.  (Id. at 4.)  Plaintiff further alleges that defendant Anwyl committed fraud in another action pending in this court "by filing a Rule 12(b)(6) motion, alleging that [] Plaintiff's claim (Case No. 2:09-CV-1058-MCE-DAD) is barred by 'Res Judicata,' knowing that [] Plaintiff's action in Superior Court [was] never validly litigated."  (Id. at 2.)  Plaintiff also alleges violations of his First Amendment right to redress of grievances and his Fourteenth Amendment right to due process and equal protection, as well as his right to trial by jury, all as a result of the actions taken in the superior court case.  (Id. at 2-3.)

       42 U.S.C. §1983 is the vehicle for pursuing damages claims for federal constitutional and statutory violations against government officials.  Section 1983 does not create any substantive rights.  To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  A § 1983 claim can lie against a private party only when "he is a willful participant in joint action with the State or its agents."  Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).

       In this case, plaintiff is unable to maintain a claim against attorney Anwyl under § 1983 because he is a private party who was not acting under color of state law.  Describing defendant Anwyl as "an officer in the Superior Court of Sacramento County" does not transform his status into an agent of the state.  Nor does a bare bones "a lawyer conspired with the judge" to harm my case sufficiently state a non-conclusory factual allegation.

       Plaintiff also conclusorily alleges that his civil rights provided by 42 U.S.C. §§ 1981 and 1985 were violated. Nothing in the factual allegations of the complaint supports the conclusion that any defendants were motivated by invidious class based animus to conspire to

1  violate plaintiffs' civil rights pursuant to 42 U.S.C. § 1985 (3).  See United Bhd. of Carpenters
2  and Joiners Local v. Scott, 463 U.S. 825, 103 S. Ct. 3352 (1983); Ramirez v. City of Reno, 925
3  F. Supp. 681, 689 (D.Nev. 1996).  That being the case, plaintiff's 42 U.S.C. § 1981 claim fails
4  because § 1981 likewise prohibits only intentional discrimination based on the plaintiff's race.
5  Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1487-88 (9th Cir.1995) (injury by racially
6  discriminatory intent necessary for § 1981).  It is elementary that a claim under § 1981 arises
7  only if defendants' actions were racially motivated and purposefully discriminatory.

8  As for defendant McMaster, the Supreme Court has held that judges acting within
9  the course and scope of their judicial duties are absolutely immune from liability for damages
10 under § 1983.  Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967).  A judge is "subject to
11 liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman,
12 435 U.S. 349, 356-7, 98 S. Ct. 1099, 1105 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351
13 (1872).  The two-part test of Stump v. Sparkman determines the broad scope of judicial
14 immunity:

> [T]he factors determining whether an act by a judge is a 'judicial'
> one relate to the nature of the act itself, i.e., whether it is a function
> normally performed by a judge and to the expectation of the
> parties, i.e., whether they dealt with the judge in his judicial
> capacity.

19 Id. at 361.

20 Plaintiff complains of actions taken by a judge in the performance of his normal
21 functions and in his judicial capacity.  "A judge is generally immune from a civil action for
22 damages."  Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996).  The immunity extends as
23 well to actions for declaratory, injunctive and other equitable relief.  Id.  Only two exceptions
24 apply – if the judge is acting clearly without jurisdiction or if the judge is not performing a
25 judicial act.  Id.  Judicial acts are those in which a judge is "perform[ing] the function of
26 resolving disputes between parties, or of authoritatively adjudicating private rights."  Antoine v.

Byers & Anderson, Inc., 508 U.S. 429, 435-436, 113 S. Ct. 2167, 2171 (1993) (citation and internal quotation marks omitted).  Rulings during trial, hearings, and in response to pleadings constitute judicial acts.  See Sheppard v. Maxwell, 384 U.S. 333, 358, 86 S. Ct. 1507, 1520 (1966) (a judge acts in a judicial capacity when exercising control of the judge's courtroom); Barrett v. Harrington, 130 F.3d 246, 254-59 (6th Cir.(Tenn.) 1997) (collecting cases and finding letter to prosecutors a judicial act).  Therefore, defendant McMaster should be dismissed.

In any event, if the state court action has indeed terminated, it is quite possible that plaintiff's allegations of errors in the state court are barred by the Rooker-Feldman doctrine because they expressly entail a review of a state court's prior judgment.

A federal district court does not have jurisdiction to review legal errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923).  This doctrine has not aged well with time.  In recently advocating the abolishment of a doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker-Feldman:

> Rather than preserving whatever vitality that the "exception" has retained as a result of the Markham dicta, I would provide the creature with a decent burial in a grave adjacent to the resting place of the Rooker-Feldman doctrine.  See Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006) (STEVENS, J., dissenting).

Marshall v, Marshall, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752 (2006) (Stevens, J. dissenting). However, while consigning Rooker-Feldman to life support, a majority of the Supreme Court has not laid the doctrine to rest in the grave prepared by Justice Stevens:

> *Rooker-Feldman*, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517.

Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 1201 (2006) quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005).

1      The Ninth Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148
2 (9th Cir.2003).  A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision
3 by a state court, and seeks relief from a state court judgment based on that decision is barred by
4 Rooker-Feldman because the federal court lacks subject matter jurisdiction.  Id. at 1164.  If, on
5 the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by
6 an adverse party, Rooker-Feldman does not bar jurisdiction.  Id.  But even if a federal plaintiff is
7 expressly seeking to set aside a state court judgment, Rooker-Feldman does not apply unless a
8 legal error by the state court is the basis for that relief.  See Kougasian v. TMSL, Inc., 359 F.3d
9 1136, 1140 (9th Cir. 2004).

10      Plaintiff is warned that if he proceeds with this action, it is possible that Rooker-
11 Feldman may require its dismissal.  Plaintiff's prayer for declaratory relief – to vacate the
12 superior court judgment and declare it void – may be considered only by appropriate appeal to
13 the state appellate courts.

14      If plaintiff chooses to amend the complaint to state a federal claim, plaintiff must
15 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
16 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint
17 must allege in specific terms how each named defendant is involved.  There can be no liability
18 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
19 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v.
20 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
21 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
22 violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23      In addition, plaintiff is informed that the court cannot refer to a prior pleading in
24 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
25 complaint be complete in itself without reference to any prior pleading.  This is because, as a
26 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        Good cause appearing, IT IS ORDERED that:

        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

        2.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: September 15, 2010          s/s Gregory G. Hollows

                                                 UNITED STATES MAGISTRATE JUDGE

GGH:076/Parker1543.amd.wpd