1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM A. PARKER,

11            Plaintiff,

12        vs.                                    No. CIV. S-10-1543 JAM GGH PS

13   ANWYL, SCOFFIELD & STEPP,
     LLP, et al.,
14            Defendants.                        FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction and Summary

17            Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff was

18   previously informed of the defects in his complaint (on screening pursuant to 28 U.S.C. §

19   1915(e)(2)) and directed to file an amended complaint.  That amended complaint, filed October

20   12, 2010, is currently before the court.  Plaintiff has not cured the defects against the judicial or

21   attorney defendants with his amended complaint.[1]

22            Plaintiff is convinced that he was the subject of discriminatory action when he

23

24        [1] To the extent that plaintiff names the County of Sacramento and the Superior Court of
     California as defendants, he fails to allege any facts against these entities.  Aside from Eleventh
25   Amendment concerns vis-a-vis the Superior Court, 42 U.S.C. § 1983 (the statute which allows a
     plaintiff to sue for a violation of constitutional rights by state actors) prohibits *respondeat
26   superior* liability.  Delia v. City of Rialto, 621 F.3d 1069, 1084 (9th Cir. 2010).  Therefore, these
     defendants will not be addressed further.

1

1   was dismissed from his employment as a drama teacher in the Natomas Unified School District.

2   He was convinced enough to file an action against the School District in Sacramento Superior

3   Court.  However, that case was dismissed on demurrer and judgment was entered against

4   plaintiff.  Thereafter, plaintiff brought more or less the same lawsuit against the School District

5   and other defendants in federal court.  Parker v. Natomas Unified School District, CIV-S-09-

6   1058 MCE DAD.  However, this case was dismissed on *res judicata* grounds.  One of the

7   arguments plaintiff made in his first federal lawsuit involved the asserted lack of jurisdiction of

8   the state court because the appearing defendants had not been served.  Plaintiff has appealed that

9   federal dismissal.

10          Undeterred, and still convinced that the state court was without jurisdiction to

11   dismiss his state case on demurrer, and apparently unwilling to await the Ninth Circuit ruling on

12   his argument, plaintiff has filed another federal lawsuit against the School District's lawyers in

13   the state court and the judge who granted the demurrer.  While plaintiff is barred by the doctrine

14   of collateral estoppel from making the same argument that was made in CIV-S-09-1058, the

15   undersigned need not reach that problem as plaintiff cannot state a federal claim against the

16   lawyer/law firm and the judge is immune from suit.  The court should refuse to exercise

17   jurisdiction over all supplemental state claims.

18   Motion to Dismiss

19          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

20   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

21   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

22   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

23   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

24   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

25   Cir. 1989); Franklin, 745 F.2d at 1227.

26          A complaint must contain more than a "formulaic recitation of the elements of a

1  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

2  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

3  "The pleading must contain something more...than...a statement of facts that merely creates a

4  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

5  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

6  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

7  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

8  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

9  the court to draw the reasonable inference that the defendant is liable for the misconduct

10  alleged." Id.

11          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

12  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

13  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

14  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

15  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

16  Background

17          The amended complaint alleges that defendant attorney Anwyl and defendant

18  Judge McMaster conspired against plaintiff in a previous state court litigation by discriminating

19  against him and depriving him of his civil rights under 42 U.S.C. §§ 1981, 1983 and 1985.  He

20  alleges violations of the First, Seventh, and Fourteenth Amendments.  By example, he claims that

21  since no summons was ever prepared or served on any defendant in the superior court case,

22  Judge McMaster was without jurisdiction to decide the case.  (Am. Compl. at 3.)  The amended

23  complaint also alleges that defendant McMaster violated plaintiff's rights to due process and

24  equal protection when he dropped the "challenge" and the motion to vacate and set aside the

25  "illegal and void judgment" from the calendar.  Plaintiff also alleges that McMaster

26  discriminated against him when he entered judgment in the state court case.  (Id. at 7-8.)

1      Plaintiff further alleges that defendant Anwyl filed documents in the state court

2   case, knowing that defendants were not properly served, thereby violating plaintiff's due process

3   rights and right to redress.  (Id. at 2, 7.)  Also alleged is that Anwyl committed fraud in another

4   action pending in this court by filing a Rule 12(b)(6) motion in case No. 2:09-CV-1058-MCE-

5   DAD, based on res judicata, further discriminating against plaintiff.  (Id. at 3.)

6      Plaintiff is mistaken that he can sue a private entity, such as a law firm, or a

7   partner of the law firm, for federal constitutional violations.

8      We begin with the plaintiffs' federal constitutional claims. The United States
       Constitution protects individual rights only from government action, not from
9      private action.FN3 [omitted] Only when the government is responsible for a
       plaintiff's complaints are individual constitutional rights implicated. *Brentwood*
10     *Academy v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295, 121 S.Ct.
       924, 148 L.Ed.2d 807 (2001).

11

12  Single Moms, Inc. v. Montana Power Inc., 331 F.3d 743, 746-747 (9th Cir. 2003) (organization

13  which hired lobbyist for purpose of petitioning state legislators not involved in state action).

14  Put another way:

15     Individuals and private entities are not normally liable for violations of most
       rights secured by the United States Constitution. *Lugar v. Edmondson Oil Co.*,
16     457 U.S. 922, 936, 102 S.Ct. 2744, 2752, 73 L.Ed.2d 482 (1982). In order to
       maintain a cause of action based on an allegation of constitutional violations, a
17     plaintiff must show that the actions complained of are "fairly attributable" to the
       government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2769, 73
18     L.Ed.2d 418 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d
       563, 567 (9th Cir.1987). To survive a 12(b)(6) motion to dismiss, Morse was
19     required to show that it would be fair to attribute the PPC's approval of Morse's
       termination to the federal government.

20

21  Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1340 (9th Cir. 1997).

22  The same rule applies to a plaintiff who desires to sue attorneys/parties who opposed plaintiff in

23  state or federal court:

24      The allegation that a private party misused state procedures outlined in a state
        statute is not enough to establish state action, "even though the procedures
25      themselves required the involvement of the county clerk" or other state official.
        Id. at 384 n. 9 [citing Howerton v. Gabica, 708 F.2d 380, 383 (9th Cir.1983)].
26      And, "merely resorting to the courts and being on the winning side of a lawsuit

4

1  does not make a party a co-conspirator or a joint actor with the judge." Dennis v.

2  Sparks, 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

3  Kuleana, LLC v. Diversified Wood Recycling Co. Inc, 383 Fed. Appx. 601 (9th Cir. 2010).[2]

4  In this case, plaintiff is unable to maintain a claim against attorney Anwyl or the

5  law firm under § 1983 because he is a private party who was not acting under color of state law.

6  Describing defendant Anwyl as a "private party" and a "willful participant in a joint action with

7  the State or its agents" does not transform his status into an agent of the state.  Nor does a bare

8  bones "a lawyer conspired with the judge to harm my case" sufficiently state a non-conclusory

9  factual allegation.

10  Plaintiff also conclusorily alleges that his civil rights provided by 42 U.S.C. §§

11  1981 and 1985 were violated.  Nothing in the factual allegations of the complaint supports the

12  conclusion that any defendants were motivated by invidious class-based animus to conspire to

13  violate plaintiffs' civil rights pursuant to 42 U.S.C. § 1985 (3).  See United Bhd. of Carpenters

14  and Joiners Local v. Scott, 463 U.S. 825, 103 S. Ct. 3352 (1983); Ramirez v. City of Reno, 925

15  F. Supp. 681, 689 (D.Nev. 1996).  That being the case, plaintiff's 42 U.S.C. § 1981 claim fails

16  because § 1981 likewise prohibits only intentional discrimination based on the plaintiff's race.

17  Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1487-88 (9th Cir.1995) (injury by racially

18  discriminatory intent necessary for § 1981).  It is elementary that a claim under § 1981 arises

19  only if defendants' actions were racially motivated and purposefully discriminatory.

20  As for defendant McMaster, the Supreme Court has held that judges acting within

21  the course and scope of their judicial duties are absolutely immune from liability for damages

22  under § 1983.  Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967).  A judge is "subject to

23  liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman,

24  435 U.S. 349, 356-7, 98 S. Ct. 1099, 1105 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351

25

26  [2] While this case may not be cited as precedent, its reasoning is adopted by the
undersigned.

5

1 (1872).  The two-part test of Stump v. Sparkman determines the broad scope of judicial

2 immunity:

> [T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

6 Id. at 361.

7       Plaintiff complains of actions taken by a judge in the performance of his normal

8 functions and in his judicial capacity.  "A judge is generally immune from a civil action for

9 damages."  Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996).  The immunity extends as

10 well to actions for declaratory, injunctive and other equitable relief.  Id.  Only two exceptions

11 apply – if the judge is acting clearly without jurisdiction or if the judge is not performing a

12 judicial act.  Id.  Judicial acts are those in which a judge is "perform[ing] the function of

13 resolving disputes between parties, or of authoritatively adjudicating private rights."  Antoine v.

14 Byers & Anderson, Inc., 508 U.S. 429, 435-436, 113 S. Ct. 2167, 2171 (1993) (citation and

15 internal quotation marks omitted).  Rulings during trial, hearings, and in response to pleadings

16 constitute judicial acts.  See Sheppard v. Maxwell, 384 U.S. 333, 358, 86 S. Ct. 1507, 1520

17 (1966) (a judge acts in a judicial capacity when exercising control of the judge's courtroom);

18 Barrett v. Harrington, 130 F.3d 246, 254-59 (6th Cir.(Tenn.) 1997) (collecting cases and finding

19 letter to prosecutors a judicial act).

20       Plaintiff now claims that Judge McMaster was without jurisdiction because the

21 complaint in the state court case was not served.  A defendant may properly waive service of a

22 complaint and jurisdiction is not disturbed as a result.  See Rhyne v. Municipal Court, 113

23 Cal.App.3d 807, 815-16, 170 Cal. Rptr. 312, 318 (1980) (filing of demurrer constitutes general

24 appearance, waiving irregularities in service of process and conferring jurisdiction); Standard

25 Microsystems Corp. v. Winbond Electronics Corp., 179 Cal.App.4th 868, 882, 102 Cal.Rptr.3d

26 140, 150 (2009); Fireman's Fund Ins. Co. v. Sparks Const., Inc., 114 Cal.App.4th 1135, 1147, 8

1   Cal. Rptr.3d 446, 455 (2004).  Moreover, the principle that plaintiff is espousing is concerned

2   with *personal* jurisdiction, not the authority of the court to act in the case (subject matter

3   jurisdiction).  Personal jurisdiction may easily be waived, as was the case here; subject matter

4   jurisdiction may not.  Finally, even if there were a dispute about jurisdiction, personal or subject

5   matter, the fact that a judge might be wrong in his belief that the court has such jurisdiction, is

6   not the "clear absence of jurisdiction" applicable to an abrogation of judicial immunity.  There

7   must be *no question* but that the act was taken outside the judge's jurisdiction.  Miller v. Davis,

8   521 F.3d 1142, 1147 (9th Cir. 2008).  Therefore, defendant McMaster should be dismissed.

9           It is apparent to the undersigned that at this point that plaintiff's seriatim actions

10  are now taking on the specter of a spite suit.  Plaintiff is advised that should he continue filing

11  actions against any and all involved in adjudicating his underlying discrimination suit, or

12  subsequent actions, plaintiff may well be liable for costs and fees in subsequent actions.

13          In accordance with the above, IT IS HEREBY RECOMMENDED that this action

14  be dismissed with prejudice.  The court should decline to exercise supplemental jurisdiction over

15  claims based on state law.  28 U.S.C. § 1867(c).

16          These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

18  fourteen (14) days after being served with these findings and recommendations, plaintiff may file

19  written objections with the court and serve a copy on all parties.  Such a document should be

20  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

21  advised that failure to file objections within the specified time may waive the right to appeal the

22  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: 01/10/2011

24                                  /s/ Gregory G. Hollows

25                                  U.S. MAGISTRATE JUDGE

26  GGH:076/Parker1543.fr.wpd